**Almaz DEBREZION, aka Sharon Muller, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74018.

Agency No. A78–378–576.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 2, 2005.\*

Decided Jan. 6, 2006.

Zaheer Zaidi, San Jose, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, William Campbell Erb, Jr., Attorney, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

Almaz Debrezion, a native and citizen of Ethiopia, petitions for review of a final order of the Board of Immigration Appeals (BIA), affirming an Immigration Judge's (IJ) denial of asylum, withholding of removal, and Convention Against Torture (CAT) relief based on an adverse credibility finding. We deny the petition for review.

## DISCUSSION

An alien establishes her eligibility for asylum by demonstrating a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *See Ochoa v. Gonzales,* 406 F.3d 1166, 1170 (9th Cir.2005). Withholding of removal requires showing a clear probability of such persecution. *Id.* CAT relief is available when the alien demonstrates "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Id.* at 1172 (internal quotation omitted). When, as here, the BIA adopts the IJ's decision, we will examine the IJ's reasons for deeming a person not credible. *Shire v. Ashcroft,* 388 F.3d 1288, 1294 (9th Cir.2004).

Debrezion claims she was harassed in Ethiopia because of her Eritrean heritage and that she fled first to Kenya and then to Germany to avoid the persecution. The IJ noted inconsistencies in Debrezion's descriptions of circumstances and conditions in Kenya and Germany, conflicts between her testimony and Country Reports, and her failure to present credible evidence to verify her identity and Ethiopian nationality. At the heart of the IJ's adverse credibility determination, however, was Debrezion's claim for the first time at her hearing that her brother was murdered on account of his Eritrean heritage. The IJ found it incredible that Debrezion did not mention her brother's death in her initial interviews or in her written application notwithstanding being asked whether she knew of anyone killed or tortured because of their Eritrean heritage. Although omissions from asylum applications are often not a sufficient basis for discrediting later testimony, the omission of such a "dramatic, pivotal event" is relevant for determining credibility. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003).

Debrezion seeks to explain the omission by citing stress, cultural differences, and her limited education. Failure to mention her brother's death, however, was not a trivial or minor omission, but rather goes to the heart of her claim of persecution. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). Debrezion also argues that her first interview should be disregarded because it was conducted in Arabic and she was denied an opportunity before the IJ to cross examine the translator and to verify the veracity of the translation. We agree with the BIA, however, that even if that interview is not considered, the IJ provided sufficient reasons for denying Debrezion's application for asylum.

Because Debrezion did not establish her eligibility for asylum, she also failed to meet the more stringent requirements for withholding of removal. *See Al–Saher v. INS,* 268 F.3d 1143, 1146 (9th Cir.2001). Although Debrezion's request for CAT relief is not automatically precluded by her failure to establish her eligibility for asylum, her lack of credibility is fatal to her claim for such relief. *See Farah v. Ash-*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*croft,* 348 F.3d 1153, 1156–57 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**